(February 16, 1968)

In the Matter of the Claim of ALEX VOURNAZOS, Respondent. DALE SYSTEMS, INC., Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— REYNOLDS, J. Appeal by the employer from a decision of the Unemployment Insurance Appeal Board holding that appellant was liable for unemployment contributions on all of claimant's earnings and that claimant was eligible to receive benefits at a $35 benefit rate. Claimant was employed in New York by the appellant, a Connecticut corporation with an office in New York City which furnished undercover operators to work in its client's places of business. Claimant was given brief training in New York and sent to work for a client in Pennsylvania. He was paid by the client in the same manner as other similar employees of the client and in addition received a differential from the appellant to bring his salary up to the minimum

he had been guaranteed by the appellant In addition he received reimbursement of certain expenses from the appellant. The contract of employment provided, in part, that "the Employee * * * will, on many occasions, *be ostensibly working for a customer of Dale while he is however in Dale's employ*" (emphasis supplied). Consistent with these provisions in the contract between Dale and the employee, the contract between Dale and its customer provided that Dale's "operatives shall receive the same compensation and employee benefits as those of [Dale's] employees who perform the same function that said operatives *will ostensibly perform.*" (Emphasis supplied.) On the basis of these provisions of the two contracts and upon the other evidence, the Referee was warranted in finding that claimant's status as appellant's employee "was not affected by the arrangement made by the employer and its clients to have the latter pay claimant's wages directly to him in order to protect the undercover nature of his work. His activities, which were ostensibly paid for by the client, were subordinate to, and designed merely to effectuate, his work as an undercover operative. It would be unrealistic to fragment his employment in proportion to the share of his compensation paid by the client and the share paid by the employer. The work he did in connection with the client's normal business operations was merely a camouflage to enable him to accomplish the primary purpose for which the employer was engaged by the client and for which claimant was in turn hired by the employer." Appellant urges that pursuant to section 511 of the Labor Law, contributions should be paid by it solely on the amount paid to supplement the client's payment to reach the salary guaranteed and not also on the amount paid directly to him by the out-of-State client. We cannot agree. While it may well be that the client controlled his activities as a salesman, it is clearly established that he would not have been working at that particular job except for this underlying employment with the appellant and that all reports concerning his undercover activities were sent directly to the appellant in New York and in turn relayed by the appellant to the client. The board could properly find on the facts in the instant record that the manner of payment was merely a part of the subterfuge designed to help conceal claimant's true activities and that appellant actually was the sole employer. Moreover, the facts developed here indicate that he was hired in New York, some services were performed in this State, his base of operations was this State and his service was directed and controlled from this State. Additionally, he was paid in New York by appellant for any differential between the wages received from the client and his guaranteed wage as provided in his employment agreement with appellant. Therefore the facts clearly justify in this unusual case the inclusion of claimant's entire income in assessing New York contributions (*Matter of Dmytreshin* [*Catherwood*], 12 A D 2d 674). Decision affirmed, with costs to claimant-respondent. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Reynolds, J.